UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4996

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DANTONIO RODREQUEZ CARSON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:09-cr-00422-HMH-1)

Submitted: March 4, 2010            Decided:  March 31, 2010

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dantonio Rodrequez Carson pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court calculated Carson's advisory Guidelines imprisonment range under the U.S. Sentencing Guidelines Manual (2008) at 51 to 63 months and sentenced Carson to 62 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that the appeal lacks merit but questioning whether the district court erred in failing to consider, for purposes of calculating sentencing credit, the time Carson spent in state custody from the date of his initial appearance in the district court. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Carson's guilty plea and that Carson's substantial rights were not infringed. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent factual basis and that Carson entered the plea knowingly and voluntarily with an understanding of the

consequences.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Carson's sentence, we review it under a "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Id. at 51.  "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted).  The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Id. (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive

reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Here, the district court correctly calculated the advisory Guidelines range and heard argument from Carson's counsel and allocution from Carson. While Anders counsel correctly concedes that the district court did not err in failing to consider the time Carson spent in state custody for purposes of calculating sentencing credit, see United States v. Wilson, 503 U.S. 329, 334-35 (1992), the court committed procedural error in failing to provide an individualized assessment of Carson's case. We conclude, however, that the court's omission did not affect Carson's substantial rights. See United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005). Further, neither counsel nor Carson put forth any factors to overcome the appellate presumption of reasonableness afforded his within-Guidelines sentence.

We therefore affirm the district court's judgment. This court requires that counsel inform Carson, in writing, of the right to petition the Supreme Court of the United States for further review. If Carson requests that a petition be filed, but counsel believes that such a petition would be frivolous,

4

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED